Mr. Warren M. Black, Executive Secretary Public School Retirement System of Missouri P. O. Box 268 Jefferson City, Missouri 65101
Dear Mr. Black:
This letter is to acknowledge receipt of your request for an opinion from this office which reads as follows:
 "1. Does the Board of Trustees of the Public School Retirement System of Missouri have authority to purchase real estate and construct a building on said real estate for the sole purpose of providing suitable office space for the present and future needs of the Retirement Systems.
 "2. Does the Board of Trustees of the Public School Retirement System of Missouri have authority to lease office space on a long term lease basis, with an option to purchase said real estate and a building on said real estate, for the sole purpose of providing suitable office space for the present and future needs of the Retirement Systems."
Subsection 1 of Section 169.020, RSMo 1969, relating to the Public School Retirement System of Missouri, provides as follows:
 "1. For the purpose of providing retirement allowances and other benefits for public school teachers, there is hereby created and established a retirement system which shall be a body corporate, shall be under the management of a board of trustees herein described, and shall be known as `The Public School Retirement System of Missouri'. Such system shall, by and in said name, sue and be sued, transact all of its business, invest all of its funds, and hold all of its cash, securities, and other property. . . ." (Emphasis added)
In addition, subsection 19 of Section 169.020, RSMo Supp. 1973, provides as follows:
 "19. The headquarters of the retirement system shall be in Jefferson City, where suitable office space, utilities and other services and equipment necessary for the operation of the system shall be provided by the board of trustees and all costs shall be paid from funds of the system."
As indicated above, subsection 19 of Section 169.020, RSMo Supp. 1973, provides that the Board of Trustees of the Retirement System shall provide suitable office space, utilities, and other services and equipment necessary for the operation of the System and that all costs shall be paid from funds of the System. Furthermore, there is authority for the proposition that the word "property" means both "real and personal property" under Missouri law. Bianchi v. United States, 219 F.2d 182, 189 (8th Cir. 1955), cert. denied 349 U.S. 915, reh. denied 349 U.S. 969. Ludlow-SaylorWire Co. v. Wollbrinck, 205 S.W. 196, 198 (Mo.Banc 1918). Similarly, Section 1.020, RSMo 1969, provides in part as follows:
 "As used in the statutory laws of this state, unless otherwise specially provided or unless plainly repugnant to the intent of the legislature or to the context thereof:
* * *
 (11) `Property' includes real and personal property;"
It should also be noted that the distinctive feature of a "lease" of property, real or personal, is that it conveys an interest in the property for a fixed or definite period of time and is supported by consideration, Sharp v. W. W. Trucking Company,421 S.W.2d 213 (Mo.Banc 1967). In this regard, it has been pointed out that a provision in a lease of realty, giving the lessee an option to purchase realty at any time during the terms of the lease, was an integral part of the lease, and therefore payment of rent by the lessee constituted a sufficient consideration for the option.Cummins v. Dixon, 265 S.W.2d 386 (Mo. 1954). Lastly, it was held in Attorney General's Opinion No. 200, Lehr, 11-26-75 (copy attached), that the Missouri State Employees' Retirement System was authorized to acquire, purchase, or lease real estate for office space.
As a result of the foregoing authorities, it is our opinion that the Board of Trustees of the Public School Retirement System of Missouri has authority to purchase real estate and construct a building on said real estate or, in the alternative, to lease office space on a long term lease basis, with an option to purchase said real estate and a building on the real estate, for the sole purpose of providing suitable office space for the present and future needs of the Retirement System. It is also our opinion that the Board of Trustees should consult with the Office of Administration or the Board of Public Buildings if necessary concerning its future plans to provide suitable office space.
Yours very truly,
 JOHN C. DANFORTH Attorney General
Enclosure: Op. No. 200 11-26-75, Lehr